UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

UNITED STATES OF AMERICA,

-v-

MUHAMMAD EJAZ AHMAD,
MUHAMMAD NAWAZ AHMAD, and
MOHAMMAD TANVEER,

                                                   06 CRIM 1135 (JGK)

               Defendants            **DECLARATION**

------------------------------------------------------- X

      David E. Ruck, Esq., hereby declares the following under Title 18 U.S.C. section 1746:

      1) I represent Muhammad Nawaz Ahmad. This Declaration is submitted in support of my client's motion for: a) a change of venue to the Eastern District of New York; b) dismissal of the Indictment for failure to state an offense pursuant to Fed. R. Crim. P. 7(c)(1); c) alternatively, directing the Government to provide a Bill of Particulars pursuant to Fed. R. Crim. P. 7(f); and, d) suppressing all tangible evidence seized, or granting a pre-trial suppression hearing.

2) This Declaration is based upon information and belief the sources of which are conversations with my client and review of the relevant court documents herein.

3) My client, Muhammad Nawaz Ahmad, is a 50% owner of two pharmacies known as Stay Slim Pharmacy and ASA Drugs d/b/a Script Depot. Stay Slim Pharmacy is located at 1166 Coney Island Avenue in Brooklyn, and Script Depot is located at 99-06 63rd Road, Rego Park, New York. The co-owner of these pharmacies is identified in the Indictment as "Individual-1," and is the wife of defendant Muhammad Ejaz Ahmad.

4) Rather than repeat the remaining background assertions set forth in my co-counsel's Declaration on behalf of Muhammad Ejaz Ahmad, I adopt and incorporate those assertions herein.

5) The Indictment is as vague and threadbare against my client as it is against Dr. Ahmad. Contrary to common practice, the introductory paragraphs of the Indictment merely track the statutory language of the offenses charged. They are bereft of any background information, and of any factual allegations as to the participants in, and the means and methods of the two conspiracies. The Indictment fails to explain, even in the most general of terms, the nature of any conspiratorial agreement between the defendants, and the means by which they allegedly violated the cited statutes

2

over a two year and eight month period. There is no allegation in Count One, for example, as to what was allegedly received by my client in exchange for the claimed kick-back. There is no allegation in Count Two, for example, as to what constitutes the claimed knowing and false or fraudulent representation to a federal health care agency, a necessary element of health care fraud under 18 U.S.C. 1347. The Indictment also lacks any substantive charges paralleling the two conspiracy counts in Counts One and Two, rendering it that much more indecipherable.

6) Furthermore in an Indictment that spans a period of two years and eight months from January, 2004 to August 29th, 2006, my client is named in only one overt act occurring on the last day of the alleged conspiracy. Overt act "d" in Count One alleges that my client on August 29th, 2006, "provided medications and paid a kickback of $40 to an undercover officer whom Nawaz Ahmad believed to be an HIV positive Medicaid patient in Bronx, New York." This solitary overt act is repeated verbatim in Count Two alleging Health Care Fraud. Count Three, alleging Aggravate Identity Theft, merely claims that my client used the identification of another person, "in connection with the offense charged in Count Two."

7) Accordingly, I join in my co-counsel's motion to dismiss the Indictment as facially insufficient. The Indictment should be dismissed,

3

rather than amplified by a Bill of Particulars, because there is no assurance that the evidence presented to the Grand Jury included all the elements of the crimes charges, in violation of my client's Fifth Amendment right not to be tried, "on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him." <u>Russell v. United States</u>, 369 U.S. 749 (1962).

8) Alternatively, the Government should be required to provide a Bill of Particulars as specified in the accompanying Memorandum of Law, without which my client cannot prepare a defense and is at risk of double jeopardy.

## **CHANGE OF VENUE**

9) Futhermore, this motion seeks a change of venue to the Eastern District of New York under the "substantial contacts" test. (See <u>United States v. Saavedra</u>, 223 F.3d 85 (2d Cir. 2000) discussed in the Memorandum of Law herewith). The primary locus of the alleged crimes is the Eastern District of New York, as Dr. Ahmad's office and the three pharmacies in question are all located in the Eastern District of New York. Furthermore, the overwhelming majority of the alleged criminal acts occurred in the Eastern District of New York and the Eastern District of New York is the most effected district. The Southern District of New York is implicated in this case only by virtue of a few mailings of prescription

4

medications to addresses in Manhattan and the Bronx. Unless the Government can prove by a preponderance of the evidence that venue properly lies in the Southern District, the case should be transferred to the Eastern District.

## SUPPRESSION ISSUES

10) Finally, the search warrants for Stay Slim Pharmacy and Script Depot of which my client is a 50% owner should be controverted and all seized items suppressed. The warrants are overly broad and unsupported by probable cause insofar as they appear to cover every conceivable document, record, computer or computer part in the pharmacies.[1] While the top paragraph of Attachment A reads, "the following items which constitute evidence, instrumentalities, or fruits of health care fraud and illegal kickbacks to induce Medicaid business in violation of 18 U.S.C. 1347 and 42 U.S.C. 1320a-7(b)(2)(b), the items themselves merely set forth an indiscriminate laundry list of papers and objects to be seized.

11) Items "a," "b," and "c" which are not limited by reference to "the scheme", as are the remaining items, cover: "prescriptions, patient drug profiles, prescription log books, records of prescription fills and refills, medical billing records, invoices of shipments to patients and orders from

---

[1] Copies of the warrants and supporting affidavits are provided to the Court as an appendix.

5

drug companies, calendars, appointment books, patient sign-in sheets, telephone logs and patient charges and records which might demonstrate when patients visited with or contacted the doctor for prescription medications." There is no language contained in items a, b, and c, specifying that only Medicaid patient files and records should be seized, nor identifying which "doctor" the warrant is referring to, nor narrowing the search by date.

12) In the absence of a supporting affidavit alleging probable cause to believe that Stay Slim or Script Depot were "permeated with fraud," what amounted to an "all-records" search and seizure of these pharmacies was unlawful. (See e.g. Nat'l City Trading Corp. v. United States, 635 F.2d 1020, 1026 (2d Cir. 1980)).

13) There was nothing in the supporting affidavits indicating that the pharmacies were devoted entirely or even substantially to a fraudulent Medicaid practice. The executing officers, however, conducted what amounted to a general search. Upon information and belief, taken indiscriminately were boxes and folders which contained the following items, but not limited thereto: daily logs, insurance invoices, billing documents, ledgers, state and federal tax records, bank records, prescriptions, prescription pads, prescription labels, correspondence,

computers, hard-rives, disks, cd-roms, medications on shelves, notebooks, refill logs, business cards, credit card documents, agreements, inventory receipts, letters, telephone listings, canceled checks.

14) As there was no probable cause to justify such a general all-encompassing search of either Stay Slim or Script Depot, the warrants should be controverted and all seized items suppressed. Alternatively, the undersigned requests a pre-trial suppression hearing.

WHEREFORE, for the reasons stated herein, and more fully set forth in the accompanying joint Memorandum of Law, the relief sought in the Notice of Motion should be granted, and such other and further relief as this Court deems just, fair and proper.

Respectfully submitted,

/s/ *David Ruck*
David E. Ruck, Esq.
Counsel for Muhammad Nawaz Ahmad
270 Madison Avenue, Suite 1500
New York, NY 10016
(212)349-5400

Dated: February 8th, 2008
       New York, New York